UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| OLUSOLA KUPONIYI, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 5:17-cv-1755-ACA-GMB |
| | ) |
| WARDEN MARY COOKS, et al., | ) |
| | ) |
| Respondents. | ) |

### MEMORANDUM OPINION

The Magistrate Judge entered a report recommending Petitioner Olusola Kuponiyi's petition for a writ of habeas corpus be denied and dismissed with prejudice. (Doc. 23). Mr. Kuponiyi filed a motion to stay and hold the petition in abeyance. (Doc. 28). He also filed objections to the report and recommendation. (Doc. 30).

Mr. Kuponiyi concedes that he has not properly exhausted his federal habeas claims that (1) the trial court erred in failing to instruct the jury on the lesser included offenses of assault in the second and third degree; (2) there was insufficient evidence to support his attempted murder conviction; and (3) the trial court erred in denying his motion for mistrial and instead giving the jury an improper charge pursuant to *Allen v. United States*, 164 U.S. 492 (1896). (Doc. 1 at 5, 8–13; Doc. 30 at 1). However, Mr. Kuponiyi maintains that the trial court erred in failing to instruct the jury on self-defense. (Doc. 30 at 2–9).

1

Mr. Kuponiyi does not address the Magistrate Judge's conclusion that the trial court's failure to instruct the jury on self-defense presents a question of state law that does not raise an issue of "constitutional dimension." (*See* Doc. 23 at 12) (quoting *Carrizales v. Wainwright*, 699 F.2d 1053, 1055 (11th Cir. 1983)). Moreover, even if Mr. Kuponiyi's claim could be construed as raising a constitutional violation, he does not establish that the decision of the Alabama Court of Criminal Appeals in denying his self-defense claim was contrary to or involved an unreasonable application of clearly established federal law as determined by the United States Supreme Court. (Doc. 30). As the Magistrate Judge noted, the appellate court held that Mr. Kuponiyi's own testimony failed to show that his fear was reasonable and that Officer Sallis' conduct warranted Mr. Kuponiyi's use of force in self-defense. (Doc. 23 at 16). The court cannot find that the appellate court's decision was an unreasonable determination of the facts considering the evidence presented in the state-court proceedings. Accordingly, the court **WILL DENY** Mr. Kuponiyi's request for relief on this ground.

Additionally, Mr. Kuponiyi's motion to stay and hold the petition in abeyance is due to be denied. (Doc. 28) Although Mr. Kuponiyi acknowledges that he did not properly exhaust some of his federal habeas claims, he seeks to return to state court to exhaust his self-defense claim. (Doc. 28 at 1–3). He alleges that Alabama Code § 13A-3-23(d) was amended on August 1, 2016, while his trial and appeal

"were in progress and was not promulgated in time for the trial counsel to properly raise the immunity defense . . . and for [appellate] counsel to raise the issue." (Doc. 28 at 1).  As an initial matter, Mr. Kuponiyi fully exhausted his self-defense claim in the Alabama courts.  (Doc. 8-12, 8-13, 8-14, 8-16, 8-17).  Moreover, "[u]nless the statute contains a clear expression to the contrary, the law in effect at the time of the commission of the offense govern[s] the offense, the offender, and all proceedings incident thereto."  *White v. State*, 992 So. 2d 783, 785 (Ala. Crim. App. 2007) (quotation marks and citation omitted).  Nothing in Alabama Code § 13A-3-23 expressly states that the amendment is to apply retroactively.  Accordingly, the court **WILL DENY** Mr. Kuponiyi's motion to stay and hold the petition in abeyance.  (Doc. 28).

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation and Mr. Kuponiyi's objections, the court **ADOPTS** the report of the Magistrate Judge and **ACCEPTS** his recommendation.  The court finds the petition is due to be denied and dismissed with prejudice.

This court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To make such a showing, a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional

claims debatable or wrong," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), or that "the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations omitted).  The court finds Mr. Kuponiyi's claims do not satisfy either standard.

The court will enter a separate Final Judgment.

**DONE** and **ORDERED** this March 29, 2021.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE